MARC E. JOHNSON, Judge.
| ¡Appellants, Employers Insurance of Wausau, Great Southern Wood Preserving, Inc. and Gary E. Gibbs, filed this appeal seeking review of a judgment that found them liable in a three-vehicle accident from the 24th Judicial District Court, Division “N”. For the following reasons, we dismiss the appeal with prejudice.
On the morning of May 23, 2004, Gary Copping and his wife, Judy Copping, were traveling westbound in the right lane of Interstate-10 between the Clearview Parkway and Veterans Memorial Boulevard exits in their 1997 Mitsubishi Galant. They were heading toward Mr. Copping’s place of employment located on Veterans Memorial Boulevard. As they were proceeding toward the Veterans Memorial Boulevard exit, Mr. Copping’s vehicle was struck on the driver’s side by a 1997 Freightliner 80000 tractor trailer operated by Gary Gibbs. Subsequently, as it was spinning counter clockwise, Mr. Copping’s vehicle was struck again on the rear' passenger side by a 2002 Chevrolet Corvette traveling in the far left lane. All of the vehicles involved in the accident were driven to the side of the interstate to clear traffic prior to the arrival of the investigating officer. Mrs. Copping was the only person involved in the accident who was transported to the hospital by an ambulance.
Mrs. Copping filed a Petition for Personal Injuries on February 17, 2004 against Appellants, her husband, and her husband’s car insurance company, AIG | ^Insurance Company. In her petition, Mrs. Copping alleged that while Mr. Copping was driving in a prudent manner in the right lane of traffic, Mr. Gibbs hit the rear of the car, causing it to spin around. After being hit in the rear, Mrs. Copping alleged the vehicle was struck a second time by Mr. Gibbs, which caused the vehicle to be hit a third time in the left lane. In a cross-claim filed on April 8, 2004, Mr. Copping sued Appellants and his insurance company. Mr. Copping raised the same allegations in his claim of how the accident occurred that Mrs. Copping raised in her petition.
The parties agreed to bifurcate the issues of liability and damages. The trial on liability on Mr. Copping’s cross-claim was held on October 9, 2012. In a judgment rendered on October 15, 2012, the trial *371 court found in favor of Mr. Copping on his cross-claim for liability against Appellants. On October 22, 2012, Appellants filed a Motion for New Trial, alleging the trial court’s judgment was erroneous because it could not be supported by the factual evidence found on Mr. Gibbs’ truck on the date of the accident. The motion was heard on November 27, 2012 and was denied by the trial court on December 27, 2012. The instant appeal followed.
On October 31, 2013, subsequent to the submission[1] of the case to this Court, the parties to this matter filed a Joint Motion to Dismiss Appeal. The parties asserted the matter has been completely settled, and the matter is no longer in need of consideration. Pursuant to La. C.C.P. art. 2162, an appeal can be dismissed at any time by consent of all parties. Therefore, we grant the Joint Motion to Dismiss Appeal and dismiss the appeal with prejudice.

APPEAL DISMISSED.

. The matter was considered as submitted to this Court on October 1, 2013 for the rendering of an opinion.